**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

RENEWAL BY ANDERSEN LLC,

        Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

1

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff Joseph Friel ("Plaintiff") brings this action under the TCPA alleging that Renewal by Andersen LLC ("Defendant"), violated the TCPA by making telemarketing calls to Plaintiff and other putative class members, to promote their products and services, including to numbers that were on the National Do Not Call Registry without their written consent.

4.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6.      Plaintiff Joseph Friel is a resident in this District.

7.      Defendant is a limited liability company.

**Jurisdiction & Venue**

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.      This Court has specific personal jurisdiction over Defendant because it sent calls into this District.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were sent into this District.

**The Telephone Consumer Protection Act**

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### Factual Allegations

15. Plaintiff is, and at all times mention herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant is a company that sells windows and doors in connection with Renewal by Andersen.

17. Plaintiff's telephone number, (610) XXX-XXX, is a non-commercial telephone number not associated with any business.

18. Plaintiff's telephone number is used for personal residential purposes.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2011.

20. Prior to the calls at issue, Plaintiff had never been a customer of the Defendant nor asked or inquired to be a customer of the Defendant.

21. Plaintiff never consented to receive calls from Defendant.

22. Plaintiff never did business with Defendant.

23. Despite this, Plaintiff received at least thirteen calls from Defendant on November 7, 8, and 10, 2025.

24. The calls all started with an identical or a substantially similar set of screening questions that was delivered to Plaintiff on multiple occasions (as alleged further below),

4

demonstrating the use of a standardized marketing campaign that offered home improvement services.

25.    The screening questions followed a scripted, generic telemarketing format designed to solicit home improvement business from homeowners nationwide, rather than addressing Plaintiff personally.

26.    On one such call was answered on November 10, 2025.

27.    Plaintiff answered the call, and heard someone who sounded like a foreign agent ask the following screening questions:

> Hello, how are you? We are a providing a no obligation free estimate for home improvement. Are you the homeowner? What kind of services do you need to improve your home? bathroom, floors, kitchen, plumbing, air conditioning, roof, or windows?

28.    After asking Plaintiff screening questions, Defendant spoke further with the Plaintiff.

29.    Subsequently in the call, the same agent said he worked for Renewal by Andersen.

30.    Plaintiff, only for the purposes of identifying the Defendant, made an appointment with Defendant during that same telephone call, which was confirmed by and email sent to Plaintiff by Defendant: info@enabledplus.andersencorp.com <info@enabledplus.andersencorp.com> on Mon, Nov 10, 2025 at 11:42 AM.

31.    Renewal by Andersen LLC, is a subsidiary of Andersen Corporation.

32.    The calls were made to advertise and market Defendant's business.

33.    The calls were made well over thirty-one days after Plaintiff's number was registered with the National DNC Registry.

34.    This is not the first time the Defendant has been sued.

35.    The aforementioned calls to the Plaintiff were unwanted.

36.    The calls were nonconsensual encounters.

37.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

38.    Plaintiff never provided his consent or requested the calls.

39.    Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

40.    Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

41.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

42.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

43.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

44.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

45.    Excluded from the Class is counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

6

46.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47.     This Class Action Complaint seeks injunctive relief and money damages.

48.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

49.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

50.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

51.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

52.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

53.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a.  Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.  Whether Defendant's conduct constitutes a violation of the TCPA; and

c.  Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

7

54.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

55.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

56.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

57.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

58.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

59.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

8

61.    Defendant's violations were negligent, willful, or knowing.

62.    As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

63.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.    That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a

9

proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*