**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENEWAL BY ANDERSEN LLC,<br><br>Defendant. | CASE NO. 3:26-cv-01267-JKM<br>(Judge Julia K. Munley) |

**DEFENDANT RENEWAL BY ANDERSEN LLC'S**
**<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Renewal by Andersen LLC ("Defendant") hereby submits its Answer and Affirmative Defenses to Plaintiff Joseph Friel's ("Plaintiff") Class Action Complaint.

## <u>CLASS ACTION COMPLAINT</u>

### <u>Preliminary Statement</u>

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id.*..This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

3. Plaintiff Joseph Friel ("Plaintiff") brings this action under the TCPA alleging that Renewal by Andersen LLC ("Defendant"), violated the TCPA by making telemarketing calls to Plaintiff and other putative class members, to promote their products and services, including to numbers that were on the National Do Not Call Registry without their written consent.

**RESPONSE:** Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal

telemarketing calls.

**RESPONSE:** Defendant admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class of other persons who were allegedly sent the same calls. Defendant denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**RESPONSE:** Denied.

## Parties

6. Plaintiff Joseph Friel is a resident in this District.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

7. Defendant is a limited liability company.

**RESPONSE:** Admitted.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**RESPONSE:** Defendant admits only that Plaintiff's claims arise under federal law. Defendant denies any remaining allegations and reserves the right to contest statutory and Article III standing.

9. This Court has specific personal jurisdiction over Defendant because it sent calls into this District.

**RESPONSE:** Denied.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were sent into this District.

**RESPONSE:** This paragraph calls for a legal conclusion and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

**The Telephone Consumer Protection Act**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**RESPONSE:** These allegations are not well-pleaded facts, and no response

is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. To the extent a response is required, Defendant asserts that the cited authority speaks for itself and denies all allegations inconsistent therewith.

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**RESPONSE:** These allegations are not well-pleaded facts, and no response

is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

**<u>Factual Allegations</u>**

15. Plaintiff is, and at all times mention[ed] herein was, a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. To the extent a response is required, Defendant admits only that Plaintiff is an individual.

16. Defendant is a company that sells windows and doors in connection with Renewal by Andersen.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

17. Plaintiff's telephone number, (610) XXX-XXX, is a non-commercial telephone number not associated with any business.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

18. Plaintiff's telephone number is used for personal residential purposes.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2011.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

20. Prior to the calls at issue, Plaintiff had never been a customer of the Defendant nor asked or inquired to be a customer of the Defendant.

**RESPONSE:** Denied.

21. Plaintiff never consented to receive calls from Defendant.

**RESPONSE:** Denied.

22. Plaintiff never did business with Defendant.

**RESPONSE:** Denied.

23. Despite this, Plaintiff received at least thirteen calls from Defendant on November 7, 8, and 10, 2025.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

24. The calls all started with an identical or a substantially similar set of screening questions that was delivered to Plaintiff on multiple occasions (as alleged further below), demonstrating the use of a standardized marketing campaign that offered home improvement services.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

25. The screening questions followed a scripted, generic telemarketing format designed to solicit home improvement business from homeowners nationwide, rather than addressing Plaintiff personally.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

26. On one such call was answered on November 10, 2025.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

27. Plaintiff answered the call, and heard someone who sounded like a foreign agent ask the following screening questions:

> Hello, how are you? We are a providing a no obligation free estimate for home improvement. Are you the homeowner? What kind of services do you need to

improve your home? bathroom, floors, kitchen, plumbing, air conditioning, roof, or windows?

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

28. After asking Plaintiff screening questions, Defendant spoke further with the Plaintiff.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

29. Subsequently in the call, the same agent said he worked for Renewal by Andersen.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

30. Plaintiff, only for the purposes of identifying the Defendant, made an appointment with Defendant during that same telephone call, which was confirmed by and email sent to Plaintiff by Defendant: info@enabledplus.andersencorp.com <info@enabledplus.andersencorp.com> on Mon, Nov 10, 2025 at 11:42 AM.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore

denies the same.

31. Renewal by Andersen LLC, is a subsidiary of Andersen Corporation.

**RESPONSE:** Admitted.

32. The calls were made to advertise and market Defendant's business.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

33. The calls were made well over thirty-one days after Plaintiff's number was registered with the National DNC Registry.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

34. This is not the first time the Defendant has been sued.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

35. The aforementioned calls to the Plaintiff were unwanted.

**RESPONSE:** Denied.

36. The calls were nonconsensual encounters.

**RESPONSE:** Denied.

37. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**RESPONSE:** Denied.

38. Plaintiff never provided his consent or requested the calls.

**RESPONSE:** Denied.

39. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

**RESPONSE:** Denied.

40. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**RESPONSE:** Denied.

**Class Action Allegations**

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**RESPONSE:** Defendant hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

42. Plaintiff brings this action on behalf of himself and the following class

(the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**RESPONSE:** Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is permitted under Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

43. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**RESPONSE:** Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is permitted under Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

44. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the

Class members.

**RESPONSE:** Denied.

45. Excluded from the Class is counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**RESPONSE:** Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

46. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**RESPONSE:** Denied.

47. This Class Action Complaint seeks injunctive relief and money damages.

**RESPONSE:** Defendant admits only that Plaintiff seeks injunctive relief and money damages. Defendant denies the remaining allegations in this paragraph, and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

48. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**RESPONSE:** Denied.

49. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**RESPONSE:** Denied.

50. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**RESPONSE:** Denied.

51. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**RESPONSE:** Denied.

52. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**RESPONSE:** Denied.

53. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant's conduct constitutes a violation of the TCPA;

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**RESPONSE:** Denied, including subparagraphs a through c.

54. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

**RESPONSE:** Denied.

55. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

56. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**RESPONSE:** Denied.

57. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**RESPONSE:** Denied.

58. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**RESPONSE:** Defendant is without knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**RESPONSE:** Defendant hereby incorporates by reference the foregoing

paragraphs as if set forth fully herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**RESPONSE:** Denied.

61. Defendant's violations were negligent, willful, or knowing.

**RESPONSE:** Denied.

62. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**RESPONSE:** Denied.

63. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not

Call Registry, except for emergency purposes, in the future.

**RESPONSE:** Denied.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

D. Such other relief as the Court deems just and proper.

**RESPONSE:** Defendant denies the allegations in its unnumbered prayer for relief, including subsections A through D, and denies that Plaintiff or the putative class is entitled to any relief whatsoever.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**RESPONSE:** Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant. To the extent a jury trial is permitted, Defendant requests a trial by the maximum number of jurors allowed by law.

## GENERAL DENIAL

Defendant denies any and all other allegations in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming the burden of proof as to such defenses that would otherwise rest with Plaintiff:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff failed to show that the calls allegedly received were those for "which the called party is charged" as required by the TCPA.

### SECOND AFFIRMATIVE DEFENSE
### (Good Faith; Reasonable Practices)

Some or all claims alleged in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from bona fide error, despite reasonable practices to prevent violations of the TCPA and related regulations.

**THIRD AFFIRMATIVE DEFENSE**
**(Consent/Prior Express Invitation or Permission)**

Plaintiff and the putative class members' claims are barred in whole or in part because the calls at issue were made with the prior express permission and/or consent of the called persons.

**FOURTH AFFIRMATIVE DEFENSE**
**(Acquiescence, Estoppel, Waiver, and Unclean Hands)**

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff and the putative class members cannot assert claims under the TCPA against Defendant to the extent they voluntarily provided telephone numbers and/or inquired into and expressed interest in Defendant's services.

**FIFTH AFFIRMATIVE DEFENSE**
**(Fault of Third Parties/No Agency)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties for whom Defendant cannot be held vicariously liable. Further, to the extent Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint, it cannot be held liable for it. For example, to the extent contractors caused any damages, injury, violation of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements, and Defendant did not approve that conduct. As such, Defendant cannot

be held vicariously liable. To the extent any such third party is required for the Court to accord complete relief or to protect that third party's or Defendant's interests, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join that party under Federal Rule of Civil Procedure 19.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**
**(No Knowing or Willful Misconduct)**

Any claim for treble or punitive damages is barred because Defendant did not engage in knowing or willful misconduct.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, the acts of third parties (such as vendors, Plaintiff, or other persons) proximately caused the damages, injuries, or violations at issue, to the extent they occurred. To the extent any such third party is required for the Court to

accord complete relief or to protect that third party's or Defendant's interests, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join that party under Federal Rule of Civil Procedure 19.

**TENTH AFFIRMATIVE DEFENSE**
**(Standing)**

Any and all claims brought in the Complaint are barred because Plaintiff lacks standing. For example, Plaintiff has not suffered any actual constitutional injury resulting from Defendant's alleged conduct and therefore does not have standing. He likewise lacks standing to the extent his injury (if any) is not traceable to Defendant's acts or omissions.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

Any and all claims brought in the Complaint are barred because Defendant or the persons who placed the calls possessed a good faith belief that they had consent to call the numbers at issue.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Charge)**

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder. In addition, Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Substantial Compliance with Laws)**

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(*Bona Fide* Error)**

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(No Immediate Threat of Future Injury)**

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Established Business Relationship)**

Some or all of the claims brought in the Complaint are barred because Plaintiff had an established business relationship with Defendant at the relevant times.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Reasonable Practices and Procedures)**

Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations, including practices and procedures established and implemented with due care that effectively prevent telephone solicitations in violation of the regulations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Further Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

WHEREFORE Defendant respectfully requests that judgment be entered as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in Defendant's favor;

2. For dismissal of the Complaint with prejudice and on the merits;

3. For an award of costs and attorneys' fees to Defendant; and

4. For such other and further relief as this Court deems just and proper.

DATED: August 25, 2026.

Respectfully submitted,

*/s/ Matthew A. Lipman*

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Matthew A. Lipman, Esq.
PA 86892
mlipman@mdmc-law.com
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103-1815
Tel: (215) 557-2900
Fax: (215) 557-2990

**WATSTEIN TEREPKA LLP**
Matthew A. Keilson (*pro hac vice* forthcoming)
GA 216676
mkeilson@wtlaw.com
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (678) 372-0408
Fax: (404) 537-1650

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Matthew A. Lipman*
Matthew A. Lipman